[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In its complaint the plaintiff insurance company seeks to recover monies paid to its insured for property loss sustained as the result of a fire allegedly caused by a defective electric stove. The defendant manufacturer moves for summary judgment claiming that said action is barred by Section 52-577a of the General Statutes in that it has been more than 10 years since the defendant parted with possession and control of the product and over 24 years since the product was manufactured and placed into the stream of commerce.
Section 52-577a(a) provides, in pertinent part, as follows: "(a) No product liability claim as defined in Section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party . . . later than ten years from the date that the party last parted with possession or control of the product." Pursuant to Section 52-577a(c) the ten-year limitation does not apply where the claimant can prove that the damage occurred during the "useful safe life" of the product. "In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of climatic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party."
In support of its motion for summary judgment the defendant attaches the affidavit of an employee of the defendant who occupies the position of Specialist, Claims Administration, and who states that the alleged defective stove was manufactured in December, 1970, and that "the expected useful life of the subject CT Page 4010-TT range was approximately 14 years."
The plaintiff responds that material issues of fact remain unresolved relating to both the "parting of possession and control" of the electric range and its "useful safe life," and attaches the affidavit of its professional engineer who attests to a defect inherent in the design of the range at the time of its manufacture; a defect which was unexposed to outside elements or degradation, and unaltered by any person.
A motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 384 of the Practice Book. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. (Citations omitted; internal quotations marks omitted.) Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. (Citations omitted.) The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. (Citations omitted.)" State v. Goggin, 208 Conn. 606, 615-616
(1988). Pursuant to Section 381 of the Practice Book, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
In this matter paragraph (6) of Exhibit A, defendant's affidavit, simply states that the electrical range was manufactured in December, 1970. This is the only evidence offered relative to "the date that the party last parted with possession or control of the product," ie., the date the product entered the marketplace, Kelemen v. Rimrock Corporation, 207 Conn. 599, 607
(1988). Since the complaint in this matter bears a return date of March 14, 1995 the date of manufacture certainly suggests that the product left defendant's possession and control and entered the marketplace more than ten years prior to the complaint, but hardly establishes the fact as a matter of law.
Additionally, in an effort to address the issue of "the useful safe life of the product," Section 52-577a (c), paragraph CT Page 4010-UU (7) states only that "[t]he expected useful life of the subject range was approximately 14 years." The affidavit fails to establish the affiant's competency to render such an opinion and, in fact, fails to establish any foundation at all for that conclusion. The affiant's opinion would not be admissible at trial and, therefore, does not resolve the issue for the purpose of this motion.
Defendant's motion for summary judgment is denied.
FASANO, J.